IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
IN RE PLASTICS ADDITIVES                : Master Docket No. 03-CV-2038
ANTITRUST LITIGATION                    :
                                        : MDL Docket No. 1684
_____:
                                        :
THIS DOCUMENT RELATES TO:               :
Gitto/Global Corporation, et al.        :
v.                                      :
Rohm & Haas Company, et al.             :
No. 03-2038 (Direct Purchaser Action)   :
_____:

ORDER

AND NOW, this 28th day of October 2009, upon consideration of Direct Purchaser Plaintiffs' Motion to Compel Defendant Arkema, Inc. to Produce Certain Transaction Data (Doc. No. 456), Defendant Arkema, Inc.'s Response in Opposition thereto (Doc. No. 461), and Direct Purchaser Plaintiffs' Reply in Further Support thereof (Doc. No. 467), it is hereby ORDERED that Direct Purchaser Plaintiffs' Motion is GRANTED.

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). This broad scope of discovery "has been held to be particularly appropriate in antitrust cases." In re Intel Corp. Microprocessor Antitrust Litig., No. 05-1717, 2007 WL 137152, at *5 (D. Del. Jan. 12, 2007). Though the scope of permissible discovery is broadly construed, it is not limitless. A court may limit permissible discovery if it determines among other things that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). The burden rests on the party resisting permissible discovery to show specifically how the

1

information requested "is not relevant or how each question is overly broad, burdensome or oppressive." SmithKline Beecham Corp. v. Apotex Corp., No. 99-4304, 2006 WL 279073, at *2 (E.D. Pa. Jan. 31, 2006) (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir.1982)) (internal quotations omitted).

Direct Purchaser Plaintiffs seek an order compelling Defendant Arkema, Inc. to produce transaction data for its sales of organotin heat stabilizers and epoxidized soybean oil from May 2006 through December 2006. They contend that this additional transaction data would provide a more complete data set that their experts can use to assess damages. Defendant Arkema, Inc. argues that the benefit to Direct Purchaser Plaintiffs is outweighed by the burden of production. Defendant Arkema, Inc. identifies the burden as the "significant expenditures of personnel resources" required by production. (Def.'s Resp. Opp'n Mot. Compel 4.) More specifically, according to Defendant Arkema, Inc., "it would take up to five working days to extract the data from its system, and up to two additional weeks to prepare the data in the form to be used by Plaintiffs." (Id.) They contend that the burden outweighs the benefit to Plaintiff for two reasons. First, they assert that "[a]pplication of Plaintiffs' facially preposterous 'more is always better' rule would always call for the production of data, for as long as the case drags on." (Id. at 8.) This argument relates to burden and does not help us evaluate the benefit of the sought information. Moreover, Direct Purchaser Plaintiffs seek eight months worth of data rather than the neverending production described by Defendant, and its argument therefore does not help us evaluate the burden imposed in this case. Next, Defendant Arkema, Inc. states that as a general principle, "in a time series context such as this, the additional data is further and further removed from the alleged conspiracy and *may* become less and less suitable to use as a benchmark." (Id.

2

at 7 (citing William H. Page, ed., Proving Antitrust Damages 177 (1996) (emphasis added)).

Defendant Arkema, Inc. fails, however, to explain how the additional eight months worth of data sought in this case is so far removed that it would not be suitable for use.[1]  Absent a connection to this case, we cannot determine that the additional data sought falls into the general principle cited by Defendant Arkema, Inc.  Defendant Arkema, Inc. has failed to persuade us that the burden of producing an additional eight months of data outweighs its benefit.  Accordingly, Direct Purchaser Plaintiffs' Motion is granted.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.

---

[1] Defendant Arkema, Inc. also cites In re Microcrystalline Cellulose Antitrust Litig., 221 F.R.D. 428 (E.D. Pa. 2004), as support for their argument that Plaintiffs already have enough post-conspiracy data.  However, the plaintiffs in that case sought an additional three years worth of data, whereas Direct Purchaser Plaintiffs seek an additional eight months worth of data.  With such a different request before us, our case-specific proportionality analysis under Rule 26(b)(2)(C) cannot meaningfully be influenced by the result reached in Microcrystalline.