IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                :
IN RE PLASTICS ADDITIVES                        :
ANTITRUST LITIGATION                            :
_____          :  Master Docket No. 2:03-CV-2038-LDD
                                                :
THIS DOCUMENT RELATES TO:                       :  MDL No. 1684
                                                :
*Gitto/Global Corp. v. Rohm & Haas Co., et al.*,:
No. 03-CV-2038 (Direct Purchaser Class Action)  :
                                                :
                                                :
_____          :


**DEFENDANTS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS'
MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF
DIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE
A REPLY DECLARATION OF JOHN C. BEYER, Ph.D.**

Direct Purchaser Plaintiffs' motion for leave to file a reply brief in support of their motion to file a reply declaration of their expert, John C. Beyer, should be denied. The proposed reply brief merely misstates the arguments made by Defendants and glosses over the substantial wrench that Plaintiffs' actions, if condoned, would throw into the class certification proceedings. The proposed reply brief adds nothing of value for this Court to consider in connection with Plaintiffs' motion.

In their putative reply brief, Direct Purchaser Plaintiffs principally advance two wrong-headed points in support of their effort to supplement the testimony of Dr. Beyer, notwithstanding the Court's express direction to Plaintiffs' *not* to supplement that testimony. First, Plaintiffs dubiously claim that they are entitled to submit new expert testimony to the extent there has been a "change in the law" since the Court's August 19th Amended Case Management Order. Second, in a transparent attempt to insulate the new analysis from deposition cross-examination, Plain-

tiffs argue that their untimely provision of Dr. Beyer's new analysis will not slow class certification proceedings because Defendants will have adequate opportunity to examine Dr. Beyer at the December 14, 2009 evidentiary hearing, *without* having taken a prior deposition of Dr. Beyer.[1]

Plaintiffs inexplicably argue that Defendants' reliance on *Newton*, a case decided *eight years ago* and relied on by Defendants in their *2005* opposition to class certification for the exact same propositions as now, amounts to an argument that the law regarding class certification has changed since August of this year. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154 (3d Cir. 2001). Plaintiffs' position is that to the extent Defendants are correct about their straightforward reading of *Newton*, this "change in law," for the first time, requires Plaintiffs to do more than offer vague assurances that they can at some point in the future construct a formulaic approach to proving impact.[2]

---

[1] Plaintiffs also frivolously argue that Dr. Beyer's proposed supplemental expert report constitutes "new evidence" justifying reconsideration of the Court's prior order. Dr. Beyer is a paid expert for Plaintiffs and his testimony has been available to Plaintiffs for years. *See, e.g., Conway v. A.I. DuPont Hosp. for Children*, No. 04-4862, 2009 WL 1492178, at *4 & n.3 (E.D. Pa. May 26, 2009) (refusing to consider supplemental expert report on reconsideration motion because report was available to plaintiff before ruling and therefore was not "new evidence").

[2] Plaintiffs engage in a two step distraction. They first mischaracterize Defendants' reading of *Newton* to say that Defendants argue that *Newton* "required a regression"—Defendants have never so argued, but have argued that *Newton* holds that promises of whatever type are inadequate at class certification. Plaintiffs then suggest that Defendants' argument premised on *Newton* is contrary to the "later case" of *In re Linerboard Antitrust Litig.*, 350 F.3d 145, 154, 155 (3d Cir. 2009), which noted that an *unrebutted* expert's promise of developing a formulaic approach to proving impact might suffice at the class certification stage. First, as a "later case," to the extent *Linerboard* conflicts with *Newton*, it is *Newton* that controls not *Linerboard*. *See Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 425-26 (3d Cir. 2008); Third Circuit IOP 9.1. Second, the *Hydrogen Peroxide* Court explained that the *Linerboard* ruling depends critically on the apparent failure of the defendants opposing class certification to argue that the district court should have considered their own opposing expert testimony. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 325 (3d Cir. 2008) ("In *Linerboard* we did not address whether such expert opinion offered by the party opposing class certification would have been properly considered by the district court in the exercise of its discretion."). *Linerboard*, accordingly, is limited in its application to situations of unrebutted expert testimony.

Of course, it is true that *Newton*, and the cases that follow, clearly require that Plaintiffs do more than offer mere assurances to meet their burden. But the only "change in law" that has occurred has been entirely contained within the minds of Plaintiffs' counsel, who now apparently lack confidence in their prior strategy of relying on mere promises and assurances as a means of insulating their expert's "analysis" from meaningful adversarial testing. Plaintiffs simply want it both ways. First, they seek after-the-fact superficial compliance with *Newton* through their submission of a putative formulaic approach that their expert claims would "confirm" the question of impact based on common evidence. But, by submitting the analysis at the eleventh-hour and opposing Defendants' effort to depose Dr. Beyer, Plaintiffs still hope to insulate Dr. Beyer from the crucible of a deposition and informed cross-examination, the type of rigorous analysis required by *Hydrogen Peroxide*.

Contrary to Plaintiffs' underlying assumption, the provision of a regression analysis or other formulaic approach for proving impact is not the end, but the beginning of the inquiry into whether a class representative has met its burden under Rule 23. The recent *Reed* decision, which drew upon *Hydrogen Peroxide*, well illustrates the close examination of a proposed regression analysis that Rule 23 requires of a district court, but would be effectively precluded by Plaintiffs' game-playing. *Reed v. Advocate Health Care*, No. 06 C 3337, 2009 WL 3146999 (N.D. Ill. Sept. 28, 2009). There, the Court engaged in a detailed parsing of the regression analysis proffered by an expert for a putative class in order to probe the limits of what such an analysis could offer as "common proof" of impact. *Id.* at *6-*21. Finding fundamental flaws and limitations in the analysis, the Court ruled that, on the record before it, the question of impact could not be resolved on a common basis and that individualized issues would predominate. *Id.* at 21.

Here, because of Plaintiffs' efforts to avoid close scrutiny of their proffered expert testimony through their eleventh-hour submission, Defendants and the Court would be hamstrung in

3

their ability to engage in a similarly close and informed examination in connection with the Court's December 14, 2009 scheduled evidentiary hearing. For strategic reasons, Plaintiffs simply chose not to produce their expert's analysis years ago, when Defendants could have probed the analysis through deposition and through detailed counter-analysis by their own expert. As the Court recognized in its August 19th Amended Case Management Order, Plaintiffs have never claimed that the then-existing caselaw dictated the content of their expert report or that Dr. Beyer's report was prepared "with any particular standard of judicial scrutiny in mind." (Order at 1-2 n.1.) Plaintiffs still do not so claim and there is no justifiable reason for Plaintiffs to supplement the report now, other than to gain unfair advantage.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' motion for leave to file a reply brief in support of their motion to file a reply declaration.

Date: November 25, 2009

Respectfully submitted,

Signatures of Counsel on Next Page

/s/ Howard D. Scher
Howard D. Scher
Steven E. Bizar
Francis X. Taney, Jr.
Thomas P. Manning
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
(215) 665-8700
(215) 665-8760 (fax)

*Attorneys for Defendant*
*Arkema Inc.*

/s/ Tefft W. Smith
Tefft W. Smith (admitted pro hac vice)
Colin R. Kass (admitted pro hac vice)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (facsimile)

James J. Rodgers
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
(215) 575-7200 (facsimile)

*Attorneys for Defendant*
*The Dow Chemical Company*

/s/ John G. Harkins, Jr.
John G. Harkins, Jr.
Colleen Healy Simpson
Robert L. Murken
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103
(215) 851-6700
(215) 851-6710 (fax)

*Attorneys for Defendant*
*Rohm and Haas Company*

/s/ Nathan P. Eimer
Nathan P. Eimer (admitted pro hac vice)
Scott C. Solberg (admitted pro hac vice)
John K. Theis (admitted pro hac vice)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
(312) 660-7600
(312) 682-1718 (facsimile)

James J. Rodgers
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
(215) 575-7200 (facsimile)

*Attorneys for Defendant*
*Union Carbide Corporation*

# CERTIFICATE OF SERVICE
## 2:03-cv-02038-LDD (Direct Purchaser Class Action)

I hereby certify that on November 25, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**STEVEN E. BIZAR**
bizarse@bipc.com

**ANTHONY J. BOLOGNESE**
abolognese@bolognese-law.com

**NATHANAEL M. COUSINS**
nat.cousins@usdoj.gov,marc.siegel@usdoj.gov

**CHARLES ANDREW DIRKSEN**
cdirksen@gbcslaw.com
efilingnotices@gbcslaw.com
cdl@gbcslaw.com

**NATHAN P. EIMER**
neimer@eimerstahl.com
fharvey@eimerstahl.com
abrown@eimerstahl.com

**CARL N. FRANKOVITCH**
carln@facslaw.com

**JOHN G. HARKINS , JR**
jharkins@harkinscunningham.com
mstrohmeyer@harkinscunningham.com

**CRAIG W. HILLWIG**
chillwig@kohnswift.com
info@kohnswift.com
cspagna@kohnswift.com

**WILLIAM E. HOESE**
whoese@kohnswift.com
jburt@kohnswift.com

**LANDON Y. JONES**
landon.jones@bipc.com

**ROBERT N. KAPLAN**
rkaplan@kaplanfox.com

**COLIN R. KASS**
ckass@kirkland.com

**RICHARD J. KILSHEIMER**
rkilsheimer@kaplanfox.com

**JOSEPH C. KOHN**
jkohn@kohnswift.com

**WAYNE A. MACK**
wamack@duanemorris.com

**THOMAS P. MANNING**
manningtp@bipc.com

**THOMAS J. MCGARRIGLE**
tmcgarrigle@reedsmith.com,rreber@reedsmith.com

**ROBERT L. MURKEN**
murken@harkinscunningham.com

**DIANNE M. NAST**
dnast@rodanast.com

**STEIG D. OLSON**
solson@cmht.com

**J. MANLY PARKS**
jmparks@duanemorris.com

**WILLIAM H. ROBERTS**
roberts@blankrome.com

**JAMES J. RODGERS**
jrodgers@dilworthlaw.com

**JILL ROGERS SPIKER**
jill.spiker@bipc.com

**HOWARD D. SCHER**
scherhd@bipc.com,howard.scher@bipc.com

**STEVEN O. SIDENER**
ssidener@gbcslaw.com,cgw@gbcslaw.com

**COLLEEN HEALY SIMPSON**
csimpson@harkinscunningham.com
mstrohmeyer@harkinscunningham.com

**SCOTT C. SOLBERG**
ssolberg@eimerstahl.com
fharvey@eimerstahl.com

abrown@eimerstahl.com

**JOHN K. THEIS**
jtheis@eimerstahl.com
abrown@eimerstahl.com

**PATRICK A. TILLOU**
ptillou@cohenmilstein.com,awentworth@cohenmilstein.com,efilings@cohenmilstein.com

**A. PAUL VICTOR**
pvictor@deweyballantine.com

**JASON A. ZWEIG**
jzweig@kaplanfox.com

I further certify that I have mailed, by U.S. Postal Service, the foregoing to the following non-CM/ECF participants:

**PATRICK M. BRYAN**
**TEFFT W. SMITH**
**REBECCA A. KOCH**
KIRKLAND & ELLIS, LLP
655 - 15TH ST., N.W. 12TH FL.
WASHINGTON, DC 20005

**STANLEY M. CHESLEY**
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
FOURTH & VINE STREETS
CENTRAL TRUST TOWER, SUITE 1513
CINCINNATI, OH 45202

**THOMAS J. LANG**
MORGAN LEWIS & BOCKIUS LLP
1111 PENNSYLVANIA AVE NW
WASHINGTON, DC 20004

**HILARY E. COHEN**
KOHN SWIFT & GRAF, P.C.
ONE SOUTH BROAD STREET
SUITE 2100
PHILADELPHIA, PA 19107-3304

**MARK LEDDY**
CLEARY, GOTTLIEB, STEEN & HAMILTON, LLP
2000 PENNSYLVANIA AVE, N.W.
SUITE 9000
WASHINGTON, DC 20006-1801

**SCOTT MARTIN**
WEIL, GOTSHAL & MANGES, LLP
767 FIFTH AVENU
NEW YORK, NY 10153-0119

s/ Howard D. Scher