IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | ) | |
| IN RE PLASTICS ADDITIVES | ) | Master Docket No. |
| ANTITRUST LITIGATION | ) | 2:03-CV-2038 |
| _____ | ) | |
| | ) | The Honorable Legrome D. Davis |
| THIS DOCUMENT RELATES TO: | ) | |
| *Gitto/Global Corp. v. Rohm & Haas Co.*, | ) | |
| *et al.*, No. 03-CV-2038 | ) | |
| _____ | ) | |

## **ORDER**

AND NOW, this ___ day of _____ , 2010, upon consideration of

Plaintiffs' Motion for Reconsideration and for the Court to Alter or Amend its Class Certification

Order (Doc. No. 524) and Defendants' Opposition (Doc. No. 525) thereto, it is hereby

ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.

BY THE COURT:

_____
Legrome D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PLASTICS ADDITIVES ANTITRUST LITIGATION | ) ) ) ) | Master Docket No. 2:03-CV-2038 |
| | ) | The Honorable Legrome D. Davis |
| THIS DOCUMENT RELATES TO: *Gitto/Global Corp. v. Rohm & Haas Co.*, *et al.*, No. 03-CV-2038 | ) ) ) ) ) | |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs' motion for reconsideration of the Court's Memorandum Opinion and Order dated August 31, 2010 should be denied. In requesting that this Court revisit the issue of class certification, plaintiffs do not meet the requirements for reconsideration. Moreover, their issue subclass argument lacks merit.

After extensive briefing and a three-day evidentiary hearing, this Court properly denied class certification of the Tins and ESBO subclasses because plaintiffs failed to show, under Rule 23(b)(3), that common issues predominate over questions affecting only individual members. Now, plaintiffs belatedly request that the Court certify opt-out subclasses under Rule 23(c)(4) to determine only certain issues that they have plucked from the case, leaving the remaining issues for another day. Asserting such an argument now, when it was available before, is not the proper purpose of a motion for reconsideration and the Court should not consider it.

Nevertheless, even if the Court were to consider the substance of plaintiffs' motion, it has no support in the Third Circuit. Indeed, plaintiffs have not cited any decision within the Third

Circuit, and defendants have found none, where a common issues class has been certified when the claim as a whole fails to satisfy Rule 23(b)(3)'s predominance requirement.

Reconsideration is unwarranted and inappropriate here, and plaintiffs should not be permitted to avoid the predominance requirement of Rule 23(b)(3) by attempting to sever purported "common issues" under the guise of Rule 23(c)(4).

## I.   PLAINTIFFS' MOTION DOES NOT SATISFY THE STRICT REQUIREMENTS FOR RECONSIDERATION

Plaintiffs offer no basis for reconsideration of the Court's ruling denying class certification. Reconsideration is an extraordinary remedy to be granted only if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in controlling law; or (3) a need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *SL Bonds, Inc. v. Nat'l Church Residences*, No. 03-6727, 2005 WL 43866, at *1 (E.D. Pa. Jan. 6, 2005).

Motions for reconsideration should not be used to set forth new arguments that could have been made by the movant prior to decision. *See Contawe v. Crescent Heights of America*, No. 04-2304, 2005 WL 281196, at *1 n.1 (E.D. Pa. Feb. 1, 2005) (citing *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993)); *see also Auerbach, M.D. v. Kantor-Curley Pediatric Assoc., P.C.*, No. 01-CV-854, 2004 WL 3037943, at *1 (E.D. Pa. Dec. 30, 2004) (A motion for reconsideration is not intended to provide unsuccessful litigants a "second bite at the apple.") (internal quotations omitted). Courts have properly declined to entertain requests for Rule 23(c)(4) certification on motions for reconsideration when the requests were not included in the original motions for certification. *See Contawe*, 2005 WL 281196, at *1 n.1 (denying

2

reconsideration of order denying class certification when movant proposed new subclass that was not among those originally proposed). *See also Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 387 (S.D. Ill. 2008) (recognizing that request to certify certain issues classes when plaintiffs did not make request in original motion papers "falls outside of a proper motion for reconsideration"); *Clark v. Experian Info. Solutions, Inc.*, Nos. 8:00-1217-24, 8:00-1218-24, 8:00-1219-24, 2001 WL 1946329, at *6 (D.S.C. Mar. 19, 2001) (denying motion for reconsideration where plaintiffs requested certification of subclasses as alternative relief).[1]

Plaintiffs' instant motion provides no basis for reconsideration of the Court's order denying class certification and serves only to raise a new argument that plaintiffs could have raised, but chose not to raise, prior to the Court's decision.   In their papers in support of their motion for class certification, plaintiffs had ample opportunity to request that the Court consider certifying the "common" issues they now want certified; but they chose not to.  Because plaintiffs' motion identifies no new evidence or intervening change in the law, and plaintiffs cannot claim that this Court somehow erred in denying certification of subclasses that were not previously proposed, their motion is improper and must be denied.

---

[1]   Plaintiffs made an offhand reference to Rule 23(c)(4) certification at footnote 14 of their memorandum in support of the renewed motion for class certification, arguing that a class could be certified with respect to liability even when individual issues affect the quantification of damages. This passing reference to damages was not sufficient to preserve plaintiffs' ability to make an untimely and entirely new suggestion that the Court certify other specific issues, particularly after the Court has already conducted a diligent analysis and found that plaintiffs cannot prove liability, let alone damages, through common evidence. *See infra.* n.4.

## II.   CERTIFICATION PURSUANT TO RULE 23(c)(4) IS IMPROPER WHEN THE CLAIM AS A WHOLE FAILS TO SATISFY RULE 23(b)(3)'S PREDOMINANCE REQUIREMENT

While the Court need not reach the issue given plaintiffs' failure to satisfy the standards for reconsideration, plaintiffs' motion for reconsideration should also be denied because plaintiffs' substantive argument has no merit.

In its prior decision, the Court denied class certification of the proposed Tins and ESBO classes because the predominance of common questions requirement of Rule 23(b)(3) was not satisfied.  Now plaintiffs want subclasses under Rule 23(c)(4).  Rule 23(c)(4) states:  "When appropriate, an action may be brought or maintained as a class action with respect to particular issues."

Although the Third Circuit has declined to address whether it is appropriate to certify specific issues under Rule 23(c)(4) when the predominance requirement of Rule 23(b)(3) has not been met, *see Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 200 n.25 (3d Cir. 2009), the court in the Eastern District of Pennsylvania has addressed this exact issue, and has consistently adopted the reasoning of the Fifth Circuit, which holds that Rule 23(b)(3) predominance is a prerequisite to subclass certification pursuant to Rule 23(c)(4).

The seminal case in the Fifth Circuit is *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.21 (5th Cir. 1996).  In *Castano*, the Court held that predominance must be satisfied with respect to the entire claim before Rule 23(c)(4) can be applied.  It is a "housekeeping rule that allows courts to sever the common issues for a class trial." *Id.*  "Reading rule 23(c)(4) as allowing a court to sever issues until the remaining common issue predominates over the remaining individual issues would eviscerate the predominance requirement of rule 23(b)(3); the result would be automatic certification in every case where there is a common issue, a result that

4

could not have been intended." *Id.*  No court in the Third Circuit has contradicted the logic of *Castano*.

The Eastern District of Pennsylvania first addressed the interaction between Rules 23(b)(3) and (c)(4) in *Arch v. Am. Tobacco Co., Inc.*, 175 F.R.D. 469, 496 (E.D. Pa. 1997).  In *Arch*, the plaintiffs requested that the court certify a number of questions set forth as common issues in their brief if the broader class they sought was not certified as a whole.   Adopting the reasoning of *Castano*, the court found that certification was improper and held that "[b]efore a district court may certify common issues pursuant to (c)(4), the court must first find that a cause of action, as a whole, satisfies the predominance requirement." *Id.* at 496 (quoting *Castano*, 84 F.3d at 745 n.21).

Similarly, in *Blain v. Smithkline Beecham Corp.*, 240 F.R.D. 179, 189-91 (E.D. Pa. 2007), the court considered the interplay of the Rule 23(b)(3) predominance requirement and the court's ability to certify issues under Rule 23(c)(4).   The *Blain* court noted the Ninth and Fifth Circuits' opposing stances on the issue and adopted the Fifth Circuit's logic.  *Id.* at 189-90.   The court held that "[t]he better view is that issue certification under 23(c)(4)(A) does not obviate the need to evaluate predominance.  In other words, a predominance determination is a prerequisite to certification under Rule 23(b)(3)." *Id.* at 190.   The court also noted that the Advisory Committee Notes on Rule 23(b)(3) state that "the class action device" can "only" be used "where predominance exists." *Id.*

Most recently, in *Gates v. Rohm and Haas Co.*, 265 F.R.D. 208 (E.D. Pa. 2010), this court once again agreed with the logic and reasoning of the Fifth Circuit and refused to "carve[ ] at the joints . . . to resolve certain common issues in a class proceeding and leave claimant-specific issues to individual follow-on proceedings." *Id.* at 234 (quotations omitted).   The court

5

held that it must be "mindful of the admonition that it is to consider the claims as a whole and not to 'manufacture predominance through the nimble use' of such carving." *Id.* (quoting *Castano*, 84 F.3d at 745 n.21).

The plain text of Rule 23(b) also supports the view adopted by the Fifth Circuit and the district court decisions discussed above. Rule 23(b) is titled "Types of Class Actions" and it sets forth the means for certification. Neither the title nor the text of Rule 23(c) suggests that it provides an additional vehicle for certification.[2]

Plaintiffs fail to address the law regarding the interplay of Rule 23(b)(3) and Rule 23(c)(4) in the Third Circuit. Rather, they cite to language in the Second Circuit's decision in *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91 (2d Cir. 2007), which courts of the Eastern District of Pennsylvania have expressly declined to follow. *See Blain*, 240 F.R.D. at 189-90 (declining to follow the Ninth Circuit standard, the standard used in *Cordes*). And, even the Second Circuit has more recently recognized that certification is inappropriate when a significant number of questions would remain for "individual adjudication," so that

---

[2]   Certifying issues subclasses under Rule 23(c)(4) may also violate the Seventh Amendment's Reexamination Clause which provides that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII. Thus, to the extent that there is any overlap between the common issues certified, and the individual issues, there is a risk that the jury resolving the individual questions will find itself reexamining determinations made on a class basis. *See, e.g., Gasoline Prod. Co. v. Champlin Refining Co.*, 283 U.S. 494, 497-501 (1931); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1302-04 (7th Cir. 1995), *cert. denied,* 516 U.S. 867 (1995); *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993); *Alabama v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318-19 (5th Cir. 1978); *Benner v. Becton Dickinson & Co.*, 214 F.R.D. 157, 174 (S.D.N.Y. 2003); *In re Nat'l Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 225 (W.D. Mich. 1998); *Arch v. Am. Tobacco Co., Inc.*, 175 F.R.D. 469, 491-94 (E.D. Pa. 1997). This could occur here if there were first determinations regarding whether there was a conspiracy, who was involved and for how long. Later, when individual class members litigate whether they were actually impacted by the conspiracy and by how much, those individual determinations could easily become intertwined with the questions already resolved.

"issue certification would not 'reduce the range of issues in dispute and promote judicial economy.'" *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 234 (2d Cir. 2008) (quoting *Robinson v. Metro-N. Commuter R.R.*, 267 F.3d 147, 168 (2d Cir. 2001)); *see also Dungan v. Academy at Ivy Ridge*, 2009 WL 2604356, at *1 (2d Cir. Aug 20, 2009) (affirming the district court's decision "that the issues of reliance, causation, and damages will predominate over this case and that certification, or issue certification, will not reduce the range of issues in dispute and promote judicial economy.").

Plaintiffs also refer to a portion of the opinion in *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 200-01 (3d Cir. 2009), for the factors that a court should considered in determining whether to certify certain issues for class treatment.  Although *Hohider* enunciates the factors for Rule 23(c)(4) analysis, the court held that "a court's decision to exercise its discretion under Rule 23(c)(4), like any other certification determination under Rule 23, must be supported by rigorous analysis." *Id.*  Furthermore, *Hohider* specifically declined to rule with regards to the interaction between Rule 23(b)(3) and Rule 23(c)(4).  *Id.* at 200 n.25 (noting circuit split on issue).[3]

Plaintiffs also cite *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3d Cir. 1977), *cert. denied*, 434 U.S. 1086 (1978), in support of the proposition that flexibility is given to courts in considering class certification under Rule 23(c)(4).  However, *Bogosian* recognized only that individualized damages calculations should not preclude class certification where the "common

---

[3]   Plaintiffs also cite snippets of a case unrelated to the issue of Rule 23(c)(4) certification. For example, plaintiffs quote *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) for the proposition that the use of common issues for subclasses would save resources of the courts. However, that case was brought pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, rather than Rule 23(b)(3).  *Id.* at 151.  Rule 23(b)(2) has no predominance requirement.  The court never considered Rule 23(b)(3) or Rule 23(c)(4).

issues which determine liability predominate." *Id. Bogosian* does not stand for the proposition

that Rule 23(b)(3) predominance is unnecessary to a certification under Rule 23(c)(4).  Nor does

*Bogosian* make the leap from flexibility in the damages context to a scenario where Rule

23(b)(3) would not need to be satisfied prior to satisfying Rule 23(c)(4).  Flexibility concerns

have always been trumped when "the common issues are inextricably tied to the individual

issues."  *Blain*, 240 F.R.D. at 190.  Regardless, this Court has already held, with respect to

liability (impact), that common issues do not predominate.  *See supra.* n.1.[4]

Because the Court has already held that plaintiffs cannot meet the predominance

requirement with respect to their claims as a whole, the Court need not further consider Rule

23(c)(4).  Their motion should be denied on the basis that Rule 23(b)(3) predominance is a

prerequisite to class certification under Rule 23(c)(4).  No case in this Circuit permits plaintiffs

to "read the predominance requirement out of (b)(3) by using (c)(4) to sever issues until the

common issues predominate over the individual issues."  *Arch*, 175 F.R.D. at 496.

## CONCLUSION

Plaintiffs' motion for reconsideration fails to satisfy the strict requirements governing

such motions.  That is reason enough to deny their motion.  But if more is needed, the

substantive argument advanced by plaintiffs for a second bite at a subclass argument has no

support in this Circuit.  Accordingly, plaintiffs' motion for reconsideration should be denied.

Dated:  September 23, 2010                                Respectfully submitted,

[SIGNATURES ON NEXT PAGE]

---

[4]   Although defendants have stipulated that the issue of whether a conspiracy existed is a
"common question" (D.E. 500), defendants have not stipulated that "liability" is a common
question.  Liability cannot be established without proof of actual injury (impact), and the Court
has correctly held that impact is an individual question here.

s/Howard D. Scher
Howard D. Scher
Steven E. Bizar
Francis X. Taney, Jr.
Thomas P. Manning
BUCHANAN INGERSOLL &
ROONEY PC
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
(215) 665-8700
(215) 665-8760 (facsimile)

*Attorneys for Defendant*
*Arkema Inc.*

s/John G. Harkins, Jr.
John G. Harkins, Jr.
Colleen Healy Simpson
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103
(215) 851-6700
(215) 851-6710 (facsimile)

*Attorneys for Defendant*
*Rohm and Haas Company*

s/Tefft W. Smith
Tefft W. Smith (admitted pro hac vice)
Collin R. Kass (admitted pro hac vice)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

James J. Rodgers
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
(215) 575-7200 (facsimile)

*Attorneys for Defendant*
*The Dow Chemical Company*

s/Nathan P. Eimer
Nathan P. Eimer (admitted pro hac vice)
Scott C. Solberg (admitted pro hac vice)
John K. Theis (admitted pro hac vice)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
(312) 660-7600
(312) 682-1718 (facsimile)

James J. Rodgers
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
(215) 575-7200 (facsimile)

*Attorneys for Defendant*
*Union Carbide Corporation*

## CERTIFICATE OF SERVICE

I, Colleen Healy Simpson, hereby certify that a true and correct copy of the foregoing Defendants' Opposition to Plaintiffs' Motion for Reconsideration and proposed Order was filed electronically with the ECF system of the United States District Court for the Eastern District of Pennsylvania this 23rd day of September, 2010.  Electronic notice of this filing will be transmitted by the CM/ECF system to those listed below:

**STEVEN E. BIZAR**
steven.bizar@bipc.com

**ANTHONY J. BOLOGNESE**
abolognese@bolognese-law.com

**NATHANAEL M. COUSINS**
nat.cousins@usdoj.gov

**CHARLES ANDREW DIRKSEN**
cdirksen@gbcslaw.com

**NATHAN P. EIMER**
neimer@eimerstahl.com

**CARL N. FRANKOVITCH**
carln@facslaw.com

**CRAIG W. HILLWIG**
chillwig@kohnswift.com

**WILLIAM E. HOESE**
whoese@kohnswift.com

**LANDON Y. JONES**
landon.jones@bipc.com

**ROBERT N. KAPLAN**
rkaplan@kaplanfox.com

**COLIN R. KASS**
ckass@kirkland.com

**RICHARD J. KILSHEIMER**
rkilsheimer@kaplanfox.com

**JOSEPH C. KOHN**
jkohn@kohnswift.com

**WAYNE A. MACK**
wamack@duanemorris.com

**THOMAS P. MANNING**
manningtp@bipc.com

**THOMAS J. MCGARRIGLE**
tmcgarrigle@reedsmith.com

**DIANNE M. NAST**
dnast@rodanast.com

**STEIG D. OLSON**
solson@cmht.com

**J. MANLY PARKS**
jmparks@duanemorris.com

**WILLIAM H. ROBERTS**
roberts@blankrome.com

**JAMES J. RODGERS**
jrodgers@dilworthlaw.com

**HOWARD D. SCHER**
Howard.Scher@bipc.com

| | |
|---|---|
| **JILL ROGERS SPIKER**<br>Jill.Spiker@bipc.com | **FRANCIS X. TANEY, JR.**<br>taneyfx@bipc.com |
| **STEVEN O. SIDENER**<br>ssidener@gbcslaw.com | **PATRICK A. TILLOU**<br>ptillou@cohenmilstein.com |
| **SCOTT C. SOLBERG**<br>ssolberg@eimerstahl.com | **A. PAUL VICTOR**<br>pvictor@deweyballantine.com |
| **JOHN K. THEIS**<br>jtheis@eimerstahl.com | **JASON A. ZWEIG**<br>jzweig@kaplanfox.com |

I further certify that I have caused the foregoing to be mailed by United States mail, first

class postage prepaid, to the following non-participants in CM/ECF:

**By First Class Mail:**

| | |
|---|---|
| **STANLEY M. CHESLEY**<br>WAITE, SCHNEIDER, BAYLESS<br>& CHESLEY CO., L.P.A.<br>Fourth & Vine Streets<br>Central Trust Tower, Suite 1513<br>Cincinnati, OH 45202 | **PATRICK M. BRYAN**<br>KIRKLAND & ELLIS, LLP<br>655 15th Street, N.W., 12th Fl.<br>Washington, DC 20005 |
| **GREGORY K. ARENSON**<br>KAPLAN FOX & KILSHEIMER<br>850 Third Avenue, 14th Fl.<br>New York, NY 10022 | **MARK LEDDY**<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON, LLP<br>2000 Pennsylvania Ave N.W.<br>Suite 9000<br>Washington, DC 20006-1801 |
| | **SCOTT MARTIN**<br>WEIL, GOTSHAL & MANGES, LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 |

s/Colleen Healy Simpson

Colleen Healy Simpson
csimpson@harkinscunningham.com

2